UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-20736

DARRELL EUGENE ALEXANDER,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,

Respondent-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

June 11, 2002

Before HIGGINBOTHAM and CLEMENT, Circuit Judges.[*]

PER CURIAM:

The Director of the Texas Department of Criminal Justice appeals the grant

of habeas corpus relief to state prisoner Darrell Eugene Alexander under 28 U.S.C.

§ 2255. The Director complains that Alexander's habeas corpus petition is time

_____

[*] The Honorable Henry A. Politz died after oral argument in this case. This
case is being decided by a quorum.

barred under 28 U.S.C. § 2244(d) or, alternatively, that any error in revoking his parole was harmless. Finding no reversible error we affirm.

## BACKGROUND

In 1986, Alexander was convicted of manufacturing a controlled substance and sentenced to sixty-five years imprisonment. In 1991, he was released on parole which was revoked by the Texas Board of Pardons and Paroles in 1995 following allegations by his ex-wife that he was stalking her and making terroristic threats. The board's Proclamation of Revocation and Warrant of Arrest provided stalking as the sole basis for revoking Alexander's parole. One year later, the statute upon which the stalking charge was based was deemed unconstitutional.

In 1997, Alexander filed a writ of habeas corpus in state court. He did not raise the unconstitutionality of the stalking statute as a basis for relief. The state court denied relief and Alexander filed a similar writ in federal district court. The court raised *sua sponte* the issue of the unconstitutionality of the stalking statute and, following an appeal to this court, dismissed the writ without prejudice for failure to exhaust state remedies. Alexander then filed a second state writ which was denied on the court's finding that the separate terroristic threat ground supported the revocation of his parole. He then filed the instant federal writ application. The district court granted the writ, determining that the parole board

2

found the evidence insufficient to support the terroristic threat ground and based its revocation of Alexander's parole solely on the unconstitutional stalking ground.

## ANALYSIS

The Director asserts that Alexander's habeas corpus petition is time-barred under 28 U.S.C. § 2244(d) or, alternatively, that any error regarding the constitutionality of the stalking grounds for revocation was rendered moot because the parole board had some evidence to support revocation based on the alleged terroristic threats. The district court found that Alexander's claim was barred by the statute of limitations, but elected to apply the doctrine of equitable tolling to avoid application of the time-bar, and determined that the revocation of Alexander's parole based on the stalking statute was not harmless error. We review a court's application of the equitable tolling doctrine for abuse of discretion.[1] We review the court's findings of fact for clear error and its determinations of law *de novo*.[2]

Equitable Tolling

The district court determined that Alexander's petition is time-barred in the

---

[1] United States v. Patterson, 211 F.3d 927, 931 (5th Cir. 2000).

[2] Dyer v. Johnson, 108 F.3d 607, 609 (5th Cir. 1997).

3

absence of equitable tolling because it was not filed within the applicable statute of limitations under the AEDPA. The court concluded, however, that the petitioner demonstrated rare and exceptional circumstances warranting equitable tolling of the limitations period. Alexander does not dispute the district court's holding that his petition was time barred in the absence of equitable tolling, but maintains that the court did not abuse its discretion in applying equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[3] The petitioner bears the burden of proof concerning equitable tolling,[4] and must demonstrate "rare and exceptional circumstances" warranting application of the doctrine.[5] The doctrine will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254,[6] and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."[7] Courts must consider the

---

[3] Patterson, 211 F.3d at 930.

[4] Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

[5] Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000), cert. denied, 531 U.S. 1035 (2000) (citations omitted).

[6] Patterson, 211 F.3d at 930.

[7] Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).

4

individual facts and circumstances of each case in determining whether equitable tolling is appropriate.[8]

In Patterson a federal prisoner proceeding *pro se* moved to withdraw his Motion to Vacate Sentence without prejudice in order to obtain the services of an experienced writ-writer so he could re-file at a later date.[9] The district court granted the motion after the expiration of the AEDPA limitations period.[10] We found that the language used by the district court in Patterson led the petitioner to believe that he could file a subsequent § 2255 petition, and concluded that the circumstances of the case were "sufficiently rare and extraordinary to warrant equitable tolling . . . ."[11] Similarly, the language of our prior decision in Alexander v. Johnson[12] suggested that Alexander could re-file a petition in federal court after exhausting his state remedies:

> [I]n the event that Alexander is unsuccessful in obtaining relief in Texas courts, the instant federal court dismissal of his claims without prejudice will not bar him from renewing his claim for federal habeas

---

[8]  Patterson, at 931.

[9]  Id.

[10]  Id. at 930.

[11]  Id. at 932.

[12]  163 F.3d 906 (5th Cir. 1998).

relief . . . .[13]

The district court relied on our decision in Patterson to apply equitable tolling in this case, noting that in Patterson we applied equitable tolling because the petitioner in that case was "misled by the court into thinking he could refile his pleadings."[14]  The district court concluded that we similarly misled Alexander when, in our prior decision, we dismissed his petition without prejudice to give state courts an opportunity to consider whether Alexander's parole was revoked on the basis of an unconstitutional state statute.  The court noted that our decision instructed the district court to dismiss his first state habeas petition without prejudice, despite the fact that the time had already expired for the filing of a federal habeas petition.

In particular, the district court pointed to language in our prior decision that might have given Alexander the impression that he would still be able to return to federal court: "[T]he instant federal court dismissal of his claims will not bar him from renewing his claim for federal habeas relief, should the State assert, if and when he does so, that his renewed petition is successive."[15]  The district court also

---

[13]  Id. at 909.

[14]  Patterson, 211 F.3d at 930.

[15]  Alexander, 163 F.3d at 909.

noted that Alexander made a mistake by filing his second federal habeas petition using the case number from his previous action, resulting in a several month delay and perhaps indicating that Alexander believed that he would still be able to return to federal court.

The district court also found that the previous district judge unwittingly hindered Alexander's opportunity to pursue his federal petition by raising *sua sponte* the statutory constitutionality claim that rendered Alexander's timely federal habeas petition a mixed petition and required its dismissal for failure to exhaust state court remedies. Combined with the district judge's refusal to allow Alexander to dismiss the unexhausted claim, the district court found that equitable tolling was appropriate given the totality of the circumstances.

The decision to apply equitable tolling in this case is a judgment call, given our reluctance to apply equitable tolling even in extraordinary circumstances. After all, ignorance of the law, even for an incarcerated *pro se* petitioner, does not excuse prompt filing.[16] We recognize that the decision to apply equitable tolling is an exercise of discretion by the district court, and we find that the district court did not abuse its discretion here.

---

[16] Fisher, 174 F.3d at 714.

7

Harmless Error

Alexander maintains that because the stalking statute has been declared unconstitutional he is actually innocent of the charge and, therefore, his parole should be reinstated. The stalking statute at issue was declared unconstitutional in Long v. State.[17] An unconstitutional statute is void *ab initio*, having no effect, as though it had never been passed.[18] The Director maintains that Alexander's parole should not be reinstated because it was revoked not only for stalking but also for making terroristic threats. The record demonstrates that the State sought to revoke Alexander's parole on both grounds. The Texas parole board issued a Proclamation of Revocation and Warrant of Arrest which lists stalking as the sole basis for revocation.

On state habeas review, the state trial court found, based on the affidavit of Kim B. Vernon, Assistant General Counsel for the parole Board, that Alexander's parole was revoked on both grounds. The Texas Court of Criminal Appeals adopted those findings. In the instant action, the federal district court determined that the state court findings of fact were based on an erroneous reading of Vernon's affidavit. Federal courts in habeas corpus proceedings are required to accord a

---

[17] 931 S.W.2d 285 (Tex. Crim. App. 1996).

[18] Reyes v. State, 753 S.W.2d 382, 383-84 (Tex. Crim. App. 1988).

presumption of correctness to state court findings of fact, unless they lack fair support in the record.[19] This deference is not absolute, however, and section 2554(d)(2) allows "issuance of the writ if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented."[20]

The district court cited the affidavit of the Assistant General Counsel for the Board, proffered by the State, for the assertion that Appellee's parole was revoked only for harassment/stalking. Moreover, the court noted that the Proclamation of Revocation issued by the Board after the hearing, specifies stalking/harassment as the only ground upon which Appellee's parole was revoked.

A close review of the record persuades that the state trial court erred in reading Vernon's affidavit to indicate that the parole board based its revocation on both stalking and terroristic threats. Therefore, we are entitled to rely on the regularity of the Proclamation of Revocation as an official record of the state parole board.[21] The proclamation denotes stalking as the sole grounds for Alexander's parole revocation. Because Alexander's parole was revoked under a statute that

---

[19]  Demosthenes v. Baal, 495 U.S. 731, 735 (1990).

[20] Childress v. Johnson, 103 F.3d 1221, 1226 n.7 (5th Cir. 1997) (quoting 28 U.S.C. § 2554(d)(2)).

[21]  Carter v. Collins, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

was void *ab initio*, that revocation was not harmless.

The judgment of the district court is AFFIRMED.