**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-41323

UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

LEMMUEL AMON BOND,

                                                                    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

October 4, 2002

Before WIENER and STEWART, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:[**]

Lemmuel Amon Bond, III, ("Bond"), a federal prisoner, appeals from the district court's

dismissal of his 28 U.S.C. § 2255 motion as time-barred. For the reasons stated below, we affirm the

district court's dismissal.

---

[*]     Judge of the United States Court of International Trade, sitting by designation.

[**]    Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Bond pleaded guilty to a charge of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. In October 1994, Bond was sentenced to 324 months imprisonment and five years supervised release. Bond appealed his conviction and sentence. While his direct appeal was pending, Bond filed a 28 U.S.C. § 2255 motion in the Southern District of Texas alleging, inter alia, that his conviction violated double-jeopardy arising from prior civil-forfeiture proceedings. Because Bond's direct appeal was pending, the district court dismissed his § 2255 motion as premature, finding that "[t]here are no circumstances in the case at bar which would justify the extraordinary inefficiency of having two courts considering the same issues, in whole or in part, simultaneously." Bond sought reconsideration of the dismissal. On June 27, 1996, this Court affirmed Bond's conviction on direct appeal, concluding that, among other things, Bond's conviction was not barred by double-jeopardy. United States v. Bond, 87 F.3d 695, 699 (5th Cir. 1996). Upon learning of this Court's decision, the district court denied Bond's request for reconsideration of its dismissal of his § 2255 motion as moot.

Bond's conviction became final on September 26, 1996, ninety days after this Court's affirmance on direct appeal, when the time for petitioning the United States Supreme Court for a writ of certiorari lapsed. United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000). In May 1997, within one year after his conviction became final, Bond filed a second § 2255 motion, alleging ineffective assistance of trial and appellate counsel.[1] The district court dismissed Bond's second § 2255 motion for lack of jurisdiction, explaining that Bond must obtain prior authorization from this

_____

[1] Bond's second § 2255 motion was executed on May 6, 1997 and file stamped by the district clerk on May 20, 1997. The motion is deemed filed on the date it was submitted to prison authorities for mailing to the district court. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).

2

Court "before a second or successive § 2255 motion may be filed" in the district court. Bond sought reconsideration of the district court's decision, maintaining that the district court did in fact have jurisdiction. The district court denied Bond's motion for reconsideration and Bond did not appeal. Rather, he sought leave from this Court to file a successive § 2255 motion raising his claim of ineffective assistance of counsel. On October 21, 1997, this Court denied Bond's request, reasoning that Bond failed to make the requisite prima facie showing because he "fail[ed] to show that the factual predicate for his ineffectiveness claim could not have been discovered previously through the exercise of due diligence."

Approximately 20 months later, in June 1999, Bond filed a 28 U.S.C. § 2241 petition in the Western District of Texas. Bond argued that he was entitled to challenge his sentence in a § 2241 petition because neither of his two prior § 2255 motions were considered on the merits, making the § 2255 remedy inadequate or ineffective to test the legality of his detention. The district court dismissed Bond's § 2241 petition for lack of jurisdiction as a veiled successive § 2255 motion and Bond appealed. On April 28, 2000, this Court affirmed the district court's judgment on the ground that Bond failed to state a claim for relief under § 2241. See Bond v. Miles, 214 F.3d 1349 (5th Cir. 2000) (unpublished opinion). The Court explained that by failing to appeal the dismissal of his second § 2255 motion from the Southern District of Texas, Bond had "failed to establish the ineffectiveness or inadequacy of the § 2255 remedy." Id. The Court further noted that "[t]o the extent that Bond's appeal seeks authorization to file a successive § 2255 motion, Bond is instructed that he may file a separate motion with this court requesting such authorization." Id.

Approximately three months later, in July 2000, Bond again filed a motion with this Court requesting leave to file a successive § 2255 motion, raising several claims of ineffective assistance of

3

counsel. On August 10, 2000, this Court denied the motion as unnecessary, explaining that Bond's first two § 2255 motions did not pose successiveness problems because the first motion was dismissed as premature and the second was dismissed without prejudice as successive. Accordingly, the Court concluded that "Bond may file his § 2255 motion in the district court without our authorization."

Approximately ten months later, in June 2001, Bond filed the § 2255 motion at issue in this case, raising, inter alia, claims of unlawful conviction, prosecutorial misconduct, and ineffective assistance of counsel.[2] In its response, the Government moved to dismiss Bond's § 2255 motion as time-barred. The district court concluded that effective April 24, 1996, with the passage of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Bond was required to file any motion seeking relief under § 2255 within one year of "the date upon which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶ 6(1). Because Bond's conviction became final on September 26, 1996, the district court concluded that Bond had until September 27, 1997 to file for relief under § 2255. Thus, the district court held that Bond's § 2255 motion, filed June 2001, was time-barred. Although the district court "recogniz[ed] the muddled history of this case" and "conced[ed] that the Courts may have frustrated Bond by unclear or erroneous rulings," the district court concluded that equitable tolling was not warranted because Bond allowed several lengthy periods of time to pass before taking the various actions which ultimately led to the filing of the § 2255 motion at issue in this case. Bond filed a timely notice of appeal and requested a Certificate of Appealability ("COA"). The district court granted Bond's COA motion "on the issue of limitations," specifically, whether it

---

[2] Bond's § 2255 motion was executed on June 14, 2001 and file stamped by the district clerk on June 18, 2001.

4

was correct "in applying the one year limitations period . . . and denying Bond the benefit of equitable tolling."

## DISCUSSION

We review the district court's decision with respect to equitable tolling for *abuse of discretion*. United States v. Wynn, 292 F.3d 226, 229-30 (5th Cir. 2002); Alexander v. Cockrell, 294 F.3d 626, 628 (5th Cir. 2002). We review the district court's findings of fact for *clear error*, but decide any questions of law *de novo*. Alexander, 294 F.3d at 628.

Bond argues that his § 2255 motion was filed timely under the statute. Moreover, Bond argues that the district court erred in denying him the benefit of equitable tolling. Bond further argues that the district judge erred by not recusing himself from this case. We address each of Bond's arguments in turn.

## I. Timeliness of Bond's § 2255 Motion

Section 2255 ¶ 6(2) states that the one-year limitations period commences on "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." Bond contends that his § 2255 motion was timely because it was filed within one year of this Court's order denying his motion for authorization to file a successive § 2255 motion as unnecessary because that is when a governmental impediment ended. Bond argues that he was prevented from filing a timely § 2255 motion because he was subjected to erroneous rulings of the district court and because the Government failed to alert the district court that he had filed a § 2241 petition, appealed the denial of that petition, and filed more than one motion in this Court requesting authorization to file a successive § 2255 motion. Although this issue

was not explicitly addressed by the district court, it was raised below, and arguably falls within the district court's grant of a COA on the "issue of limitations." The argument, however, fails because the actions of the district court and the Government, even if amounting to an impediment, did not violate the Constitution or federal law. § 2255 ¶ 6(2). Thus, Bond's motion is not timely under § 2255 ¶ 6(2).

Under § 2255 ¶ 6(3), the one-year limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Bond argues that his § 2255 motion was timely under this provision because it was filed within one year of Apprendi v. New Jersey, 530 U.S. 466 (2000) and it contained an Apprendi claim. Bond, however, did not raise this argument below, and it was not addressed by the district court. Therefore, the argument does not fall within the district court's grant of a COA on the "issue of limitations." Bond makes no explicit request that the district court's grant of a COA be expanded to include the issue. Accordingly this Court cannot entertain the issue. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997) (noting that appellate review is limited to the issues for which the district court grants COA); United States v. Kimler, 150 F.3d 429, 430-31 (5th Cir. 1998) (holding that this Court will review uncertified issues if the applicant specifically requests that the district court's grant of COA be expanded to include those issues).

Bond further argues that his § 2255 motion should be considered timely under § 2255 ¶ 6(4), which states that the one-year limitations period commences from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Bond maintains that he was unaware that his trial counsel had been charged with mail

6

fraud. Although this issue was not explicitly addressed by the district court, it was raised below and arguably falls within the district court's grant of a COA on the "issue of limitations." The argument, however, fails. The criminal charges pending against Bond's trial counsel are not newly discovered. Bond was aware of those facts, and included them in his second § 2255 motion in May 1997. Bond filed the instant § 2255 motion more than four years later in June 2001. Thus, § 2255 ¶ 6(4) does not apply.

As the district court properly concluded, the § 2255 motion at issue in this case was filed well after the one year period following the date that Bond's conviction became final, September 26, 1996. See 28 U.S.C. § 2255 ¶ 6(1). Thus, it was untimely on its face.

II. Equitable Tolling

Bond's § 2255 motion can be deemed timely only by applying the doctrine of equitable tolling. This Court has recognized that the statute of limitations in 28 U.S.C. § 2255 may be equitably tolled in "rare and exceptional circumstances." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Id. (internal quotation marks and citations omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. (internal quotations marks and citations omitted). We look to the facts and circumstances of each case in order to apply the doctrine of equitable tolling.

Bond filed his second § 2255 motion in May 1997, within one year of the date on which his conviction became final. Because his first § 2255 motion was filed during the pendency of his direct

7

appeal, the district court concluded that his second § 2255 motion was successive and dismissed it for lack of jurisdiction. This Court denied Bond's subsequent motion for authorization to file a successive § 2255 motion, but later stated that such authorization was unnecessary because Bond's first and second § 2255 motions did not trigger successiveness problems. Thus, this Court has ruled, in effect, that the district court's dismissal of Bond's second § 2255 motion as successive was mistaken.

In United States v. Patterson, this Court held that equitable tolling was appropriate to save an untimely § 2255 motion because a district court order unintentionally misled the movant. In Patterson, the movant relied to his detriment on the district court's decision to grant his request to dismiss his § 2255 motion without prejudice so that he could seek the assistance of a writ-writer before refiling his motion. 211 F.3d 927, 929-32 (5th Cir. 2000). Observing that the movant and the district court were both "under the mistaken impression that he would not be time-barred from filing another § 2255 motion," this Court held that such circumstances were sufficiently rare and extraordinary that equitable tolling should apply to save the refiled § 2255 motion. Id. at 931-32.

Similar to Patterson, Bond contends that he relied to his detriment on a mistaken decision by the district court. Unlike the movant in Patterson, however, Bond did not share in the district court's mistaken belief that the it lacked jurisdiction. Indeed, Bond filed a motion for reconsideration in which he strenuously contested the district court's dismissal of his § 2255 motion as successive. The district court denied Bond's motion for reconsideration on July 31, 1997. Bond, however, did not appeal this decision. Instead, Bond sought authorization from this Court to file a successive § 2255 motion, a step which the district court led him to believe was the next required step. Bond should have appealed the district court's decision, but he did not. The time for remedying any mistaken

8

decision by the district court with regard to the dismissal of the second § 2255 motion was then, on appeal of that decision, not now, nearly five years later.

Moreover, as the district court explained, " 'equity is not intended for those who sleep on their rights.' " Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River, 865 F.2d 660, 662 (5t h Cir. 1989)). In this case, the district court reasoned that equitable tolling was not warranted because Bond allowed several lengthy periods of time to pass before taking the various actions which ultimately led to the filing of the instant § 2255 motion. As the district court explained, prior to Bond filing the instant § 2255 motion, 234 days had elapsed during Bond's one-year limitations period before he filed his second § 2255 motion, over 1,000 days had elapsed between Bond's two requests to this Court for authorization to file a successive § 2255 motion, and 301 days had elapsed after this Court stated that such authorization was unnecessary. This Court has concluded that equitable tolling was not warranted when shorter periods of time were at issue. See Melancon v. Kaylo, 259 F.3d 401, 407-08 (5th Cir. 2001) (concluding that equitable tolling was not warranted, notwithstanding state habeas court's error, because petitioner waited more than four months after state habeas proceedings had ended before filing federal habeas petition); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (holding that equitable tolling was not warranted because petitioner failed to explain why he waited approximately six months after his state habeas application was denied before seeking federal habeas relief).

Notwithstanding these lengthy delays, Bond maintains that the protracted procedural history of this case shows that he did not "sleep" on his rights. He points out that the district court's analysis, and specifically the period of 1,000-plus days mentioned by the district court, failed to take into account the fact that he unsuccessfully filed a § 2241 petition and unsuccessfully appealed the

9

dismissal during that period of time. Moreover, Bond attributes the final 301-day delay on his reliance on his trial attorney's repeated assurances that he was going to file a § 2255 motion on Bond's behalf.

Bond's § 2255 motion is subject to a one-year statute of limitations commencing on the date his conviction became final. Even assuming *arguendo* that all or part of the time between October 21, 1997 (i.e. the date this Court denied Bond's first request for authorization to file a successive § 2255 motion) and April 28, 2000 (i.e. the date on which this Court denied as unnecessary Bond's second request for authorization to file a successive § 2255 motion) may warrant equitable tolling, Bond's § 2255 motion is still time-barred.[3] As the district court noted, 301 days elapsed *after* "the Court of Appeals finally cleared the way for him to proceed." This lengthy delay, as well as the initial 234-day delay, cannot be saved through equitable tolling. Bond asserts that his lawyer failed to promptly file his § 2255 motion, requiring him to do it himself, causing the final 301-day delay in filing the instant § 2255 motion. This assertion, however, does not rise to the level of a "rare and exceptional" warranting equitable tolling. Cf. United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (holding that the movant's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion *had been filed* on his behalf presents a 'rare and extraordinary circumstance beyond petitioner's control that could warrant equitable tolling of the statute of limitations'")

---

[3] Although Bond argues that the district court did not consider tolling the time he spent filing and appealing his 28 U.S.C. § 2241 motion, it would be highly unlikely that all of this intervening time could be tolled given that approximately 20 months passed *before* Bond filed his § 2241 petition in the Western District of Texas. Because of the amount of time that elapsed before and after this extensive period of time, we need not decide today whether any of this time warrants equitable tolling.

(emphasis added).  Thus, because of the initial 234-day delay, and the final 301-day delay, both of which do not warrant equitable tolling, Bond has exceeded the one-year statute of limitations.

For the reasons stated above, we conclude that the district court did not abuse its discretion by denying Bond the benefit of equitable tolling and dismissing his § 2255 motion as time-barred.

III.  Recusal

Bond also contends that the district judge erred in not recusing himself from the proceedings in this case.  The district court did not grant COA on this issue and Bond has not made an explicit request in his appellate brief that the district court's grant of COA be expanded to include the issue.  Accordingly, this Court cannot consider the issue.  See Lackey, 116 F.3d at 151-52; Kimler, 150 F.3d at 430-31.

CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment.

AFFIRM.