United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41455
Summary Calendar

_____

SIE JOE LANN

                    Petitioner - Appellant

     v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

                    Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CV-45
--------------------

Before KING, Chief Judge, and WIENER and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

     Sie Joe Lann, Texas state prisoner # 842611, has appealed

the district court's dismissal of his 28 U.S.C. § 2254 habeas

corpus petition as barred by the one-year statute of limitations

of 28 U.S.C. § 2244(d).  The district court granted a certificate

of appealability on whether Lann is entitled to equitable tolling

of the statute of limitations.  We AFFIRM.

------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lann is seeking relief relative to his jury conviction of murder, for which he is serving a life sentence. After the judgment was affirmed on direct appeal, Lann's efforts to obtain discretionary review by the Texas Court of Criminal Appeals (CCA) were rejected as untimely. Lann did not file a petition for certiorari in the Supreme Court.

On April 28, 2000, Lann filed a habeas corpus petition in the trial court, seeking relief relative to his conviction. A judge of the CCA denied habeas relief on August 30, 2000. Lann in effect filed his federal habeas corpus petition on March 14, 2001. See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) ("mailbox rule" for prisoners).

Lann's principal argument is that the limitations period should be equitably tolled for the period from August 31, 2000, the day after state habeas relief was denied, until the CCA notified him of the denial, which he says was on March 8, 2001. Lann admits he received a denial postcard on October 7, 2000, but he asserts that it informed him of CCA's denial of mandamus, not habeas, relief. He has not filed the postcard as one of his exhibits or explained why not, although he filed 110 exhibits in the district court. Lann relies on purported copies of letters that he allegedly wrote to the CCA between October 7, 2000, and March 7, 2001, as circumstantial evidence that he did not know of the habeas denial.

The district court correctly found that these letters clearly appear to be originals rather than file copies and that the records of the CCA do not indicate that it ever received them. Thus, the district court did not err by finding that Lann failed to prove that he did not receive the notice of the CCA's habeas denial until March of 2001. "The petitioner bears the burden of proof concerning equitable tolling . . . ." Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

Lann is not entitled to equitable tolling because he slept on his rights by not filing his federal habeas petition for more than five months after he learned of the CCA's denial of habeas relief. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay). This court recently held that a four-day lateness beyond the one-year limitations period was not excusable as being de minimis. Lookingbill v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002). Lann missed the deadline by more than four months. Thus, the district court did not abuse its discretion by holding that Lann was not entitled to equitable tolling of the statute of limitations. See Larry v. Dretke, 361 F.3d 890, 897 (5th Cir.), petition for cert. filed (U.S. July 16, 2004). Consequently, Lann's motion for the appointment of counsel is also without merit.

AFFIRMED; MOTION DENIED.