IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-51521

KAREN SIMONE PAULSON

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CV-11

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Karen Simone Paulson, Texas prisoner # 830155, seeks a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of her 28 U.S.C. § 2254 application for a writ of habeas corpus as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Paulson filed the § 2254 application to attack her conviction of burglary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, Paulson must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When, as in this case, the district court's denial of habeas relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Paulson argues that the district court erred in dismissing her federal application for a writ of habeas corpus as time barred. She contends that the district court incorrectly determined the filing dates of her state habeas applications in calculating the § 2244(d) limitations period. In considering Paulson's state habeas corpus applications, the district court did err by relying on the dates they were filed in the Texas Court of Criminal Appeals rather than on the dates they were received by the state district courts. However, the district court did not err in determining that Paulson's federal habeas application was untimely filed if the limitations period was calculated from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Moreover, the district court did not abuse its discretion in holding that Paulson did not warrant equitable tolling of the limitations period. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Paulson argues, however, that she could not have discovered the factual predicate underlying her federal habeas claims until February 2003, when she received transcripts from her co-defendant's federal trial. Under 28 U.S.C. § 2244(d)(1)(D), the limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The district court assumed

without deciding that the proper date for calculating the limitations period under § 2244(d)(1)(D) would be either the date of Paulson's co-defendant's federal trial or the date on which the transcript of that trial was filed in district court. The district court correctly held that Paulson's § 2254 application would be untimely if the limitations period was calculated based on either of those dates. However, the district court did not explicitly consider whether the date Paulson alleges to have discovered the factual predicate underlying her claims, or any other date, was in fact the date on which she, with due diligence, could have discovered the factual predicate of her claims. Nor did the district court explicitly consider whether Paulson's § 2254 application would have been timely if the § 2244(d)(1)(D) limitations period had been calculated using such a date.

Paulson has shown that reasonable jurists could debate whether the district court erred in its procedural ruling that her § 2254 application was not timely filed under § 2244(d)(1)(D). Accordingly, a COA is granted on that issue. The district court's judgment dismissing Paulson's § 2254 application is vacated. The case is remanded so the district court may further consider the timeliness of Paulson's § 2254 application under § 2244(d)(1)(D), and conduct any other proceedings necessary to resolve Paulson's § 2254 application.

COA AND IFP GRANTED; JUDGMENT VACATED AND REMANDED FOR FURTHER PROCEEDINGS.