IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-30734
Summary Calendar

CHRISTOPHER DEROUSELLE

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-1380

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christopher Derouselle, Louisiana prisoner # 254414, appeals the dismissal as time barred of his 28 U.S.C. § 2254 petition challenging his murder conviction. He argues that he is entitled to equitable tolling of the limitations period because he diligently pursued postconviction relief. Specifically, he contends that the seven-month delay between the filing of his state habeas application and his written inquiry to the state court about its status does not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

militate against a finding of "diligence" on his part in determining whether he is entitled to equitable tolling.

Derouselle bears the burden of proof concerning equitable tolling and must demonstrate "rare and exceptional circumstances" warranting its application. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To establish an entitlement to equitable tolling, he must show (1) that he pursued his habeas rights diligently and (2) some "'extraordinary circumstance'" prevented him from effecting a timely filing. Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (quoting Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007)), petition for cert. filed, (Mar. 20, 2008) (No. 07-10121).

Derouselle waited seven months after he purportedly filed his state habeas application before inquiring about its status in September 2002. Furthermore, regardless whether he received the state court's November 2002 correspondence informing him that he had no state application pending before it, Derouselle's next correspondence with the state court did not come until seven months after his September 2002 correspondence, when he moved to supplement his postconviction application. Notably, the one-year limitations period had already expired by that time. He then waited an additional two months after the Louisiana Supreme Court denied writs before filing the instant § 2254 petition. Under these circumstances, we cannot say that the district court abused its discretion in holding that Derouselle did not act with the diligence required to entitle him to equitable tolling. Cf. Howland, 507 F.3d at 846; Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

AFFIRMED.