# CIRCUIT COURT OF NOTTOWAY COUNTY

Eric Vann

v.

Wendell W. Pixley, warden,
and Harold Clarke, director

October 11, 2013

Case No. CL13000066-00

BY JUDGE PAUL W. CELLA

As counsel for the petitioner indicated in his electronic mail message of October 7, 2013, the Supreme Court of the United States has denied certiorari on *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013). Therefore, petitioner's case is now ripe for decision.

*Procedural History*

By an indictment dated November 1, 2011, petitioner was charged with sodomy, in violation of Virginia Code § 18.2-361. On January 11, 2012, a jury found petitioner guilty of attempted sodomy and recommended a punishment of five years of incarceration. By order entered February 9, 2013. Judge James F. D'Alton, Jr., confirmed the jury's recommended sentence. Petitioner's direct appeals' were denied. The final order that was entered regarding petitioner's direct appeals was an order dated March 8, 2013, in which the Supreme Court of Virginia denied petitioner's petition for a rehearing. On March 12, 2013, the United States Court of Appeals for the Fourth Circuit decided *MacDonald*, and in that decision Virginia Code § 18.2-361 was ruled to be unconstitutional on its face. On July 16, 2013, petitioner filed his petition for writ of habeas corpus. A hearing was held September 26, 2013. I took the case under advisement, pending a decision from the Supreme Court of the United States regarding the petition for a writ of certiorari that was filed in *MacDonald*. As noted above, on October 7, 2013, the Supreme Court of the United States denied certiorari on *MacDonald*.

*Facts and Issues*

At the time of the offense, petitioner was an inmate at the Virginia Center for Behavioral Rehabilitation (VCBR), a facility that houses sexually violent predators who have been involuntarily committed for secure inpatient treatment pursuant to Virginia Code § 37.2-908. It appears to be undisputed that petitioner attempted anal intercourse in VCBR's courtyard, which is a public location. The key issue is whether *MacDonald* should be applied retroactively to petitioner's case. If *MacDonald* were to be applied retroactively, the statute under which petitioner was convicted would be unconstitutional, and his petition should be granted. If *MacDonald* were not to be applied retroactively, his petition should not be granted.

*Analysis*

Petitioner has identified one case in which a petition for a writ of habeas corpus was affirmed after the state statute under which petitioner was convicted was declared unconstitutional. In *Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002), petitioner, who had been convicted on a drug charge, was released on parole. Subsequently, his parole was revoked because of a conviction under a Texas State stalking statute. One year later, the stalking statute was ruled to be unconstitutional. Noting that an unconstitutional statute is void *ab initio*, the Fifth Circuit affirmed the Federal district court's grant of habeas corpus relief to petitioner.

Respondent acknowledges that substantive changes in the law are usually retroactive if an appellate court makes a ruling that establishes that someone was convicted for an act that the law does not make criminal. Therefore, respondent argues, if petitioner's "act had occurred in private, as in *Lawrence*, the retroactive application of *MacDonald* might be reasonable." Respondent's Motion to Dismiss at 4. The reference to *Lawrence* is to *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003). Respondent argues, however, that, since petitioner's attempted sodomy occurred in public, the Commonwealth could, in theory, enact a statute that would criminalize petitioner's conduct, as *Lawrence* did not involve public conduct. *Id.* at 5. Therefore, respondent argues that it would be wrong to apply *MacDonald* retroactively.

The difficulty that I have with respondent's argument is that I think that, in *MacDonald*, the Fourth Circuit considered that argument and rejected it. In *MacDonald*, the petitioner was convicted of soliciting a minor to perform oral sex. The respondent argued that Virginia Code § 18.2-361 was constitutional as applied to petitioner's conduct, since *Lawrence* did not involve a minor, and that it would therefore be improper for the court to declare that statute to be unconstitutional on its face. The court rejected this argument The court said that "although the Virginia General Assembly might be entitled to enact a statute specifically outlawing sodomy between

an adult and an older minor, it has not seen fit to do so" and stated that it was not going to rewrite the law to conform it to constitutional requirements. 710 F.3d at 166. We have the same situation here; in the future the General Assembly might enact a statute that specifically outlaws sodomy in public, but as of now it has not done so. What we have now is a law that the Federal courts have declared void *ab initio*. Therefore, I believe that petitioner is entitled to habeas corpus relief, as he was convicted under a void law.