UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40898
_____


UNITED STATES OF AMERICA,

Defendant-Appellee,

versus

GARY ALLEN PATTERSON,

Plaintiff-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____

May 9, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Gary Allen Patterson (Patterson) appeals the district court's dismissal of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 as time-barred. In this case, we decide whether the limitations provision in § 2255 is subject to equitable tolling. As have our sister circuits who have addressed this issue, we come to the unremarkable conclusion that the limitations provision in § 2255 may be equitably tolled in rare and

exceptional circumstances.  Finding that the circumstances of this case are such that equitable tolling is warranted, we vacate the dismissal and remand for further proceedings.

I.    PROCEDURAL HISTORY

In 1993, Patterson was convicted by a jury of conspiracy to possess with intent to distribute cocaine base and sentenced to life imprisonment.  This Court upheld his conviction and sentence in an unpublished opinion in 1994.

On December 12, 1996, Patterson filed a § 2255 motion raising several issues.  On April 14, 1997, subsequent to the government filing its response, Patterson moved to voluntarily withdraw his motion without prejudice "so that he could find an experience[d] writ-writer" and file his § 2255 motion on "a later date."  On April 30, 1997, the district court, over the government's objections, granted the motion and dismissed the § 2255 motion without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  In its order of dismissal, the district court stated: "[T]he court is of the opinion that it would be in the interests of justice to permit movant to voluntarily dismiss his motion to vacate."

Nearly one year later, on April 27, 1998,[1] Patterson filed a motion for an extension of time to file a § 2255 motion, asserting that he was in the process of obtaining the sentencing transcripts

_____

[1]  The certificate of service is dated April 22, 1998, and the district clerk file stamped his motion on April 27, 1998.

2

and jury instructions from his criminal trial. In the motion, Patterson stated that "[w]ithout the 30 [day] extension of time requested . . ., he would be [barred] from filing a § 2255, by the one year deadline."

On May 4, 1998, the clerk's office filed Patterson's § 2255 motion, in which he argued that he was denied effective assistance because counsel did not object to a sentence within the guideline range for crack cocaine instead of the lesser range of powder cocaine.[2] On May 5, the district court denied Patterson's motion for extension of time because he failed to set forth the issues he intended to raise in his § 2255 motion. The court stated:

> Movant's statute of limitations to file a motion pursuant to 28 U.S.C. § 2255 expired on April 30, 1998, several days after he filed his motion for extension of time. Movant has not presented in his motion for extension of time any allegations which may be construed by the court as presenting an actual motion pursuant to 28 U.S.C. § 2255 such that the statute of limitations could be tolled. The statute contains no provision for extension or authorization for late filings. There exists no grounds [sic] for equitable tolling; therefore, this motion has no merit.

Subsequently, in a separate order, the district court dismissed as time-barred Patterson's § 2255 motion filed on May 4, 1998. However, in contrast to the court's previous order

---

[2] The record indicates that Patterson executed the motion on April 27 or 29, 1998.

indicating that Patterson had until April 30, 1998 to file his §
2255 motion, the court referred to April 24, 1997 as the last
possible day for filing. Patterson filed a motion to reconsider
pursuant to Rule 59(e), which the district court denied.

Patterson filed a notice of appeal and motion for a
certificate of appealability (COA), arguing that the district court
erred when it dismissed his § 2255 motion as time-barred because,
in a prior ruling, it had permitted him to withdraw his first
§ 2255 motion without prejudice, with the understanding that he
would file a § 2255 motion after the "deadline had already passed."
The district court denied Patterson's motion for a COA. This Court
granted a COA with respect to whether Patterson's "§ 2255 motion is
barred by the statute of limitations of § 2255."

II. EQUITABLE TOLLING

Patterson argues that he "was prejudice[d] because he was
misled by the court into thinking he could refile his pleadings."
As he is proceeding *pro se,* we construe his argument to be that the
district court's actions resulted in an equitable tolling of the
statute of limitations for filing his § 2255 motion. *See Felder v.
Johnson,* 204 F.3d 168, 170 n.5 (5th Cir. 2000) (concluding that *pro
se* petitioner had sufficiently raised the issue of equitable
tolling even though he had not specifically made that argument);
*Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (same).

Patterson's conviction became final in 1994, which was prior

4

to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA).  This Court has held that federal prisoners challenging convictions or sentences that became final prior to the AEDPA's effective date are accorded one year after the effective date of the AEDPA to file for relief under § 2255.  *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998)*; see also Flanagan v. Johnson*, 154, F.3d 196, 202 (5th Cir. 1998) (clarifying that because the first day of the one-year computation is excluded, the last day to file is April 24, 1997).[3]

Patterson's original § 2255 motion was filed on December 12, 1996 within the one-year grace period.  As set forth previously, Patterson moved to withdraw his § 2255 motion without prejudice on April 14, 1997, which happened to be 10 days prior to the expiration of the April 24, 1997 deadline.  He made this request in order to obtain the assistance of an experienced "writ-writer."  Nearly a week after the expiration of the grace period, the district court granted the motion to withdraw and dismissed the § 2255 motion without prejudice, stating that "it would be in the

---

[3]  In pertinent part, § 2255 provides that a:

> 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> > (1)  the date on which the judgment of conviction becomes final;
>
> . . . .

5

interests of justice."

Almost a year later, believing that the deadline for filing his § 2255 motion was one year from the dismissal of his original § 2255 motion, *i.e.,* April 30, 1998, Patterson moved for an extension of time on April 27, 1998, stating that without the extension of time requested, he "would be [barred] from filing a § 2255, by the one year deadline." The district court denied the request for an extension of time because Patterson had failed to set forth "any allegations which may be construed by the court as presenting an actual motion pursuant to 28 U.S.C. § 2255 such that the statute of limitations could be tolled." More important for purposes of this appeal, the district court expressly stated that the statute of limitations expired on April 30, 1998.[4] Meanwhile, Patterson delivered a § 2255 motion to prison officials prior to April 30, 1998. Although the district clerk stamped it filed on May 4, 1998, such a *pro se* motion is deemed filed at the time it is delivered to prison officials. *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998).

---

[4]     We have not ascertained how the district court and Patterson concluded that April 30, 1998 was the deadline. As quoted in footnote 3 of this opinion, the relevant portion of § 2255 provides that a movant has one year to file a § 2255 motion from the date on which his judgment of conviction becomes final. However, it is unclear why they believed that it ran from the date of the voluntary dismissal of the original § 2255 motion. Of course, the AEDPA had recently been enacted, and we had yet to determine the parameters of any grace period for movants in Patterson's circumstances (his conviction became final prior to the effective date of the AEDPA).

Subsequently, the district court denied Patterson's § 2255 motion, dismissing it as time-barred because it was not filed by the last day of the one-year grace period, April 24, 1997. The district court apparently did not recognize that it was referring to a different deadline in this order.

Our precedent indicates that because Patterson's § 2255 motion was filed after the one-year grace period it is time-barred. *See Flores,* 135 F.3d at 1006. However, we have recognized that the one-year period of limitations in § 2244(d)(1) of the AEDPA for filing the analogous § 2254 petition is not a jurisdictional bar and can be equitably tolled. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Although *Davis* involved the limitations period in § 2244(d)(1), applicable to § 2254 petitions, not § 2255 motions, we have recognized that the limitations provisions for §§ 2254 and 2255 are "nearly identical." *Flores,* 135 F.3d at 1002 n.7. We further explained that because of the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper. *Id.* Additionally, other circuits have held that the statute of limitations in § 2255 is subject to equitable tolling. *See e.g., Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999). As *Flores* instructs, we follow *Davis's* interpretation of the limitations provision for § 2254 and likewise conclude that the statute of limitations in § 2255 may be equitably tolled in "rare

7

and exceptional circumstances." *Davis,* 158 F.3d at 811.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis,* 158 F.3d at 810 (citation and internal quotation marks omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman,* 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

We review a district court's decision with respect to equitable tolling for abuse of discretion. *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Nonetheless, "[w]e must be cautious not to apply the statute of limitations too harshly." *Id.* We are mindful that dismissing a first § 2255 motion or habeas petition is a "particularly serious matter." *Id.* (citation and internal quotation marks omitted). To apply the doctrine of equitable tolling, we look to the facts and circumstances of each case. *Id.*

In *Davis,* we assumed without deciding that the district court's failure to notify counsel of his appointment for a certain period of time justified equitably tolling the limitations. 158 F.3d at 808 n.2. The following cases are examples of circumstances where we have declined to find that equitable tolling applied: *Fisher,* 174 F.3d 710 (petitioner did not receive notice of AEDPA's statute of limitations until 43 days after effective date and spent

8

17 days confined in unit for psychiatric evaluation); *Coleman,* 184 F.3d 398 (seven-week gap between date he submitted state habeas petition to prison officials and date petition was stamped as filed); *Felder,* 204 F.3d 168 (incarceration prior to AEDPA, *pro se* status, innocent of crime, and inadequate prison library).

Although not in the context of the AEDPA limitations provisions,[5] the Supreme Court, by way of example, has indicated that if a "court has led the plaintiff to believe that she had done everything required of her," the doctrine of equitable tolling may be applied. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 1726 (1984) (citing *Carlile v. South Routt School District RE 3-J,* 652 F.2d 981 (10th Cir. 1981)).[6]

Here, Patterson, a *pro se* movant, expressly requested that his motion be dismissed without prejudice to allow him to obtain the assistance of an experienced writ-writer in filing a subsequent § 2255 motion. In response, the government objected, contending that dismissal without prejudice after the government had filed a response would effectively insulate Patterson from the AEDPA's prohibition against successive motions. This contention could be

---

[5] "We look to our non-AEDPA cases for further elucidation of when to toll." *Fisher,* 174 F.3d at 713 n.11.

[6] *Cf. Ynclan v. Department of Air Force,* 943 F.2d 1388 (5th Cir. 1991) (concluding that delay by court clerk in stamping complaint "filed" because of pending motion to proceed in forma pauperis justified equitable tolling of limitations in Title VII suit).

read to indicate the government believed that Patterson would be allowed to file a later § 2255 motion.[7] The district court then granted Patterson's request and dismissed the motion without prejudice in the interests of justice. When Patterson attempted to obtain an "extension" of the April 30, 1998 deadline, the district court's order denying that request expressly referenced April 30, 1998 as the deadline.

At the time Patterson moved to dismiss his petition, he and the district court apparently were under the mistaken impression that he would not be time-barred from filing another § 2255 motion. Of course, when the district court dismissed the original § 2255 motion, it did not have the benefit of our decision with respect to the one-year grace period in *Flores*.[8] Nevertheless, Patterson relied to his detriment on the district court's granting of his request to dismiss the initial, timely filed § 2255 motion in order to refile it at a later date. The declared reason for Patterson's request to withdraw the initial § 2255 motion was to file another

---

[7] Unlike the district court's subsequent order in 1998, the government's objections did not indicate that Patterson would have a year from the date of the dismissal to refile his motion. We do not insinuate that the government attempted to mislead Patterson. Indeed, the government was objecting to the dismissal. We simply point out that Patterson could have understood the government's objections to be consistent, at least, with his understanding of the deadline.

[8] With 20/20 hindsight, one can see that the district court could have denied Patterson's motion to withdraw and simply allowed him time to amend his § 2255 motion. Such a resolution would have effectively granted Patterson's request to seek assistance with his § 2255 motion within the statute of limitations.

10

(with the assistance of a writ-writer) at a later date. However, on the very date that the district court dismissed Patterson's initial § 2255 motion (over the government's objections), April 30, 1997, any future filings would have been time-barred by our subsequent interpretation of the applicable limitations provision in *Flores*.

We are persuaded that these circumstances are sufficiently rare and extraordinary to warrant equitable tolling of the grace period until April 30, 1998. Thus, we vacate the district court's dismissal of the § 2255 motion that ultimately was filed by that date.[9]

---

[9]    Relying on *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997), Patterson also argues that the filing of his 1998 § 2255 motion was not a new motion but instead was a "continuation" of the first motion. Specifically, Patterson contends that he "only refil[ed] his original petition adding new issues . . . ." Although not on point, we believe our analysis in *Graham v. Johnson*, requires us to reject this contention. 168 F.3d 762 (5th Cir. 1999). Graham, relying on *Gasery*, argued that because the AEDPA did not apply to habeas petitions pending on the date of its enactment, it did not apply to his November 1998 petition because it was simply a "continuation" of his 1993 petition, which was pending on appeal the date the AEDPA became law. We opined that Graham made too much of our language in *Gasery*. *Id.* at 775. We explained that *Gasery* simply "holds that an application refiled after an earlier application was dismissed without prejudice for failure to exhaust state remedies is not second or successive to that earlier application" under the AEDPA. *Id.* We further explained that the refiled application was governed by the AEDPA. Finally, we opined that "[c]onstruing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes." *Id.* at 780. Accordingly, we have rejected the contention that *Gasery's* language indicates that the refiling of a petition previously dismissed without prejudice constitutes

11

For the above reasons, we conclude that the grace period was equitably tolled until April 30, 1998.  We therefore VACATE the dismissal of Patterson's 28 U.S.C. § 2255 motion and REMAND for further proceedings.

VACATED AND REMANDED.

---

the same habeas proceeding.  This contention offers Patterson no succor.