UNITED STATES of America,
Plaintiff,

v.

Darrell CHAMBERS, Defendant.

No. Crim. 94–CR–80419–01.
No. Civ. 98–CV–73336–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 1, 2000.

Brian C. Southwell, Mark C. Jones, U.S. Attorney's Office, Flint, MI, for U.S.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REINSTATE SECTION 2255 MOTION

DUGGAN, District Judge.

I. *Introduction*

On August 4, 2000, Defendant Darrell Chambers ("Chambers") filed a motion to reinstate his previously filed motion under 28 U.S.C. § 2255. For the reasons set forth below, Defendant's motion shall be denied.

II. *Procedural History and Background*

On January 26, 1995, Chambers was convicted of continuing criminal enterprise, conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, money laundering, false statements to a Federal Deposit Insurance Corporation ("FDIC") insured institution, and firearm charges. On August 25, 1995, Chambers was sentenced to life in prison. Chambers filed a direct appeal.

Chambers filed motions for a new trial on April 25, 1996, and October 28, 1997. On November 17, 1997, a stipulation and order was entered that Chambers would incorporate his two previously filed motions for a new trial into a single motion for a new trial. Chambers filed that motion on December 10, 1997. Prior to the

disposition of Chambers's motion for a new trial, Chambers's conviction was affirmed. The Sixth Circuit issued its opinion affirming Chambers's conviction on August 5, 1997, and a mandate was issued on August 27, 1997. (See *United States v. Chambers*, 121 F.3d 710, 1997 WL 441801 (6th Cir. 1997)).

On February 12, 1998, this Court denied Chambers's motion for a new trial, and Chambers appealed that decision. On August 4, 1998, while his appeal was still pending, Chambers filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 148). On December 1, 1998, Chambers filed a motion to hold his § 2255 motion in abeyance pending the result of his appeal of the denial of his motion for a new trial. This Court declined to hold Chambers's § 2255 motion in abeyance. Rather, this Court dismissed, without prejudice, Chambers's § 2255 motion on December 14, 1998, on the grounds that because the appeal of this Court's denial of his motion for a new trial was pending in the Court of Appeals, this Court lacked jurisdiction to consider his § 2255 motion. (See 12/14/98 Order). A footnote to the Order reads as follows:

> The Court recognizes that defendant has filed a brief in support of his § 2255 motion and that the government filed a brief and answer on September 28, 1998. The record also reflects that on December 1, 1998, the government filed a "supplement to government's brief" and on December 3, 1998, defendant filed a "reply to government's response." Should defendant decide to file a § 2255 motion at some later date, defendant and the government may indicate, if they wish,

their intent to adopt by reference, these pleadings.

*Id.* at 2 n. 1.

The Sixth Circuit issued its opinion affirming this Court's denial of Chambers's motion for a new trial on June 11, 1999 and a mandate was issued on August 17, 1999. Chambers filed his motion to reinstate his § 2255 motion on August 4, 2000.

The Government contends that Chambers's motion to reinstate his § 2255 motion should be denied because it is untimely, as it was filed outside the applicable one year period of limitation. The Government also contends that equitable tolling should not be applied in this case.

Chambers recognizes that his "sentence became 'final' within the meaning of the AEDPA on either November 5, 1997, when the time ran out for filing a petition for Writ of Certiorari to the Supreme Court, or on August 27, 1997, when the Sixth Circuit issued its mandate in Mr. Chambers' direct appeal." (Def.'s Reply Br. at 6). Accordingly, the "one-year statute of limitations of the AEDPA, for filing a motion pursuant to 28 U.S.C. § 2255 or for filing a new claim in such motion, therefore ran out on either November 5, 1998 or on August 27, 1998, depending on which line of cases the Sixth Circuit ultimately decides to follow."[1] (*Id.*). However, Chambers claims that because his § 2255 motion was dismissed on December 14, 1998 (which was after the expiration of the one year statute of limitations), his case is in a "gray area" because there simply is no statute of limitations governing the time for reinstating such a motion. (*Id.*). Chambers then argues that his case is a "classic example" where equitable tolling of the statute of limitations is appropriate.

1. The Sixth Circuit has not addressed when a conviction becomes "final" for purposes of § 2255. Some circuits have ruled that a conviction does not become final for purposes of § 2255 until the Supreme Court denies certiorari or the ninety-day period for seeking certiorari review expires (*See United States v. Thomas*, 203 F.3d 350, 352–54 (5th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 568–70 (3d Cir.1999)), while other circuits have ruled that in cases where certiorari is not sought the sentence becomes final when the mandate is issued by the Court of Appeals (*See Gendron v. United States*, 154 F.3d 672, 674–75 (7th Cir.1998); *United States v. Torres*, 211 F.3d 836, 837 (4th Cir.2000).)

### III. *Discussion*

■ Chambers filed his original § 2255 petition on August 4, 1998. As the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") took effect on April 24, 1996, the AEDPA governs this Court's analysis of Chambers's motion. The AEDPA amended 28 U.S.C. § 2255, which in pertinent part provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

.     .     .     .     .

28 U.S.C. § 2255. Chambers did file his original § 2255 motion on August 25, 1998, within one year of the date in which the Judgment of Conviction became final. However, as Chambers recognizes, his motion to reinstate his § 2255 motion was filed beyond the one year period.

The period for filing a writ of habeas corpus by a person in custody pursuant to a state court judgment is tolled while a petitioner's application for post-conviction review is pending.[2] However, there is no provision in § 2255 that provides for tolling of the period of limitation for filing a writ of habeas corpus by a person in custody pursuant to a federal court judgment while another collateral challenge is pending. Although the parties have not addressed it, the Court will consider whether tolling is appropriate in a § 2255 motion as parallel to the tolling allowed in § 2244.

■ While the Sixth Circuit has not addressed it yet, this same issue was addressed in *United States v. Prescott*, where the Fourth Circuit held that the pendency of a motion for new trial did not toll the one year limitations period for filing a motion to vacate under § 2255. *United States v. Prescott*, 221 F.3d 686 (4th Cir.

2000). In that case, Prescott argued that tolling was required as parallel to the tolling allowed in connection with the exhaustion requirement for federal habeas claims raised by state prisoners. The Fourth Circuit rejected that argument, stating:

Rather than providing support for Prescott's position, we believe that § 2244(d)(2) counsels against tolling in the present case. Tolling with regard to state proceedings 'upholds the principle of comity that underlies the exhaustion doctrine.' ... The Supreme Court has described comity as a principle based on

a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Section 2255 applies only to 'prisoner[s] in custody under sentence of a court established by Act of Congress,' and therefore principles of comity underlying the exhaustion doctrine are inapplicable. Moreover, § 2244(d) indicates Congress was aware of tolling issues regarding post-conviction relief proceedings, yet chose not to add an exhaustion requirement for post-trial motions to § 2255. In light of the unambiguous language of the statute and Congress' knowing rejection of an exhaustion requirement for § 2255, we would be guilty of judicial legislation were we to grant the relief Prescott requests.

*Id.* at 689. This Court is persuaded by the Fourth Circuit's rationale in rejecting the contention that tolling is appropriate in § 2255 as parallel to the tolling provided for in § 2244.

---

**2.** 28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection."

■ As the Court finds no statutory basis for tolling the one year period of limitations, the Court must next consider whether equitable tolling is appropriate in this case. This Court has previously recognized that equitable tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D.Mich.1998) (quoting *Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 112 F.3d 386, 391 (9th Cir.1997)). Chambers contends that the circumstances of his case warrant equitable tolling of the statute of limitations of the AEDPA. The Court disagrees.

In his motion, Chambers relies on *Sanders v. Numberger*, an unpublished Sixth Circuit opinion. In *Sanders*, the court found that inequitable circumstances existed to warrant equitable tolling. *Sanders v. Numberger*, 208 F.3d 215, 2000 WL 302711 (6th Cir.2000). In that case, Sanders sued an Ohio corrections officer in his individual capacity, alleging he used excessive force against him. Sanders filed actions in both state and federal court. However, Sanders could not pursue his actions in state or federal court until he had exhausted all of his administrative remedies. *Id*, 2000 WL 302711 at *2. In reviewing the record, the Sixth Circuit found that Sanders had diligently attempted to exhaust these remedies. The court found that "[d]ue to the lengthy delay in processing Sander's administrative grievance, he never had an opportunity to file his complaint within the statutorily required period." *Id.* The court emphasized that Sanders diligently pursued his administrative remedies and that "none of the lengthy delay was a result of his actions." *Id.* In addition, the court noted that Sanders prepared his civil rights claim just over a month after the exhaustion of his administrative remedies. Under these circumstances, the Sixth Circuit held that the statute of limitations should be equitably tolled.

Chambers also contends his case is analogous to *United States v. Patterson*, 211 F.3d 927 (5th Cir.2000). *Patterson* is similar to the case at bar in that the Court dismissed the § 2255 motion without prejudice, although at the time of dismissal the one year period of limitations had already expired. However, the similarities end there. The petitioner in *Patterson*, acting pro se, moved to voluntarily withdraw his § 2255 motion without prejudice "so that he could find an experience[d] writ-writer" and file his § 2255 motion on "a later date." *Id.* at 928. On April 30, 1997, the Court "granted the motion and dismissed the § 2255 motion without prejudice...." *Id.* Patterson, acting pro se, believed that the one year period of limitations began anew when his original petition was dismissed and therefore believed he had until April 30, 1998 to file his motion. On April 27, 1998, Patterson asked the court for an extension of time to file his motion. The district court denied his request for an extension of time, and in doing so expressly stated that the statute of limitations expired on April 30, 1998. *Id.* at 930. Patterson then filed his motion before April 30, 1998. However, the court contradicted its previous order and denied Patterson's motion as time-barred because it was not filed by April 24, 1997. *Id.* Although the Fifth Circuit recognized that Patterson's motion would normally be time-barred, as it was filed after the one-year period of limitation, the court held that the above circumstances were sufficiently rare and extraordinary to warrant equitable tolling of the grace period until April 30, 1998.

The Court is satisfied that the facts of this case, which can be sufficiently distinguished from *Patterson* and *Sanders*, do not warrant equitable tolling. Chambers's original § 2255 motion was dismissed after Chambers asserted this Court lacked jurisdiction over his § 2255 motion while his appeal of this Court's denial of his motion for a new trial was pending in the Sixth

Circuit. Unlike *Patterson*, Chambers's original motion was not dismissed for the express purpose of allowing him to obtain drafting assistance so that he could refile his § 2255 motion at a later date. Although by dismissing his original § 2255 motion without prejudice, this Court recognized the possibility that Chambers might file a § 2255 motion "at some later date" (Order of 12/14/98 at 2 n. 1), the Court did not give any indication with respect to when such motion must be filed.

In addition, Chambers was represented by counsel when his original motion was dismissed on December 14, 1998, and when he filed his motion to reinstate his § 2255 motion on August 4, 2000. As Chambers's conviction became final after the effective date of the AEDPA, the uncertainty as to the applicable statute of limitations seen in *Patterson* was not present here. Unlike the pro se plaintiff in *Patterson*, Chambers does not claim that he believed that a new one year period of limitations began when his original motion was dismissed without prejudice. (See Movant's Reply Br. at 6). Furthermore, contrary to *Patterson*, this Court did not mislead Chambers by incorrectly stating when the period of limitations ended.

Additionally, unlike the plaintiff in *Sanders*, Chambers could have filed his motion to reinstate his § 2255 motion earlier, but chose not to do so. The Sixth Circuit affirmed this Court's denial of Chambers's motion for a new trial on June 11, 1999. Nonetheless, Chambers chose to wait more than a year after that decision before filing his motion to reinstate his § 2255 motion. Moreover, Chambers has offered no explanation for his significant delay in filing his motion to reinstate. Had Chambers filed his motion to reinstate promptly after the Sixth Circuit affirmed this Court's denial of his motion for a new trial, he would present a stronger case for equitable tolling. However, as the facts exist, the Court finds that equitable tolling is not warranted.

### IV. *Conclusion*

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Defendant Darrell Chambers' motion to reinstate his § 2255 motion is **DENIED.**