United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30586
Summary Calendar

PETER MERCADEL,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 02-CV-3619-K
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Peter Mercadel appeals the denial of his 28 U.S.C. § 2254 petition, wherein he attacked his 1976 conviction of second-degree murder. We previously ordered that the district court dismiss without prejudice an earlier petition for failure to exhaust state remedies. See Mercadel v. Cain, 179 F.3d 271, 278 (5th Cir. 1999).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court held that the instant petition was time-barred because the first federal petition did not toll the limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that Mercadel was not entitled to equitable tolling.

The district court correctly held that Mercadel originally had until June 28, 1997, to file his § 2254 petition and that, although the first petition was dismissed for failure to exhaust, it did not toll AEDPA's clock. See Duncan v. Walker, 533 U.S. 167, 181 (2001); Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999). Mercadel argues that the limitations period should have been equitably tolled, given the unfairness of this result and given our prior order to dismiss without prejudice.

A decision with respect to equitable tolling is reviewed for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is appropriate only in "rare and exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(internal quotation and citation omitted). The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation and citation omitted).

From our review of the record, we conclude that the district court correctly determined that even if equitable tolling applied to the time that Mercadel's first § 2254 petition was pending, the

instant petition was still time-barred. Further, although we previously held that a petition filed after Mercadel exhausted his state remedies would not be successive, neither our prior decision nor the district court's prior dismissal without prejudice made any mention of the timeliness of a subsequent petition. Therefore, Mercadel was not actively deceived. Compare United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000); cf. Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (noting the absence of affirmative statements comparable to those in Patterson on which the petitioner could have relied), cert. denied, 123 S. Ct. 2277 (2003). The district court did not abuse its discretion by denying equitable tolling.

AFFIRMED.