

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00238-CV

———————————————

LIVE SYSTEMS, LLC, Appellant

V.

HARTFORD FIRE INSURANCE COMPANY AND
IMPERIAL CONSTRUCTION, INC., Appellees

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV23-0544

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

The statute of limitations for Appellant Live Systems, LLC's payment-bond claim was "the first anniversary of the date notice for [the] claim [wa]s mailed under [Chapter 2253 of the Government Code]," Tex. Gov't Code Ann. § 2253.078(b), and the trial court granted summary judgment against Appellant on the theory that it had filed its lawsuit too late. Appellant appeals that judgment, arguing that the limitations statute is ambiguous; that such ambiguity caused the trial court to rely on the wrong "notice for [the] claim"; and that if Appellant's proper "notice" was credited, its lawsuit was timely. Furthermore, even if its lawsuit was untimely, Appellant contends that it was entitled to equitable tolling because Appellees Hartford Fire Insurance Company and Imperial Construction, Inc. "created confusion" that misled Appellant regarding the limitations deadline. And for the same reasons, Appellant adds that the trial court's award of attorney's fees and costs to Hartford and Imperial was inequitable.

But the limitations statute is not ambiguous, the record undermines Appellant's complaint that it was misled, and Appellant has not adequately briefed its contention that the trial court erred by awarding attorney's fees and costs. Accordingly, we will affirm.

## I. Background

Appellant performed services for Imperial's construction project, and Hartford was the surety on Imperial's payment bond. After a dispute arose, Appellant

terminated its contract with Imperial, and a few days later—on April 15, 2022—it sent a letter to Hartford and Imperial regarding its claim on the payment bond. The letter referenced Government Code Chapter 2253, was accompanied by a sworn statement of account, provided the amount of the claim and the retainage, and stated that the claim was "just and correct." The letter was mailed to both Hartford and Imperial via certified mail. *See id.* §§ 2253.041, .048(a).

Hartford responded, telling Appellant that it interpreted the April letter "to be a preliminary notice intended to comply with preliminary notice provisions of applicable statutes and/or the bond" but noting that it did not consider the letter to be an official "claim against the . . . bond." Hartford asked Appellant to notify it if Appellant intended "to pursue this matter beyond the statutory notification point."

So, on May 18, 2022, Appellant's counsel sent another letter to Hartford. Appellant clarified that its April letter had been both a "statutory notice"— "compl[ying] with the requirements of the Texas Government Code Chapter 2253"— and "a bond claim[]," and it made an express, "formal demand that the claim amount . . . be promptly paid." [Italics removed.]

The parties' payment dispute continued, so the following year, on April 18, 2023, Appellant filed suit against Hartford and Imperial to recover on the payment bond. Hartford and Imperial pleaded the statute of limitations as an affirmative defense, and they moved for traditional summary judgment on that basis. *See* Tex. R. Civ. P. 166a(c). They argued that the statute of limitations for Appellant's payment-

bond claim had expired one year after Appellant mailed its April 15, 2022 statutory notice, so Appellant's April 18, 2023 lawsuit was filed late. *See* Tex. Gov't Code Ann. § 2253.078(b). Appellant, however, claimed that the one-year limitations period had begun to run when it mailed its May 18, 2022 letter, making its April 18, 2023 lawsuit timely. And even if limitations had begun to run from the mailing of the April 15 letter rather than the May 18 letter, Appellant asserted that it was entitled to equitable tolling. The trial court agreed with Hartford and Imperial; it granted summary judgment dismissing Appellant's payment-bond claim and awarded Hartford and Imperial attorney's fees and costs. *See id.* §§ 2253.074, .078(b).

## II. Discussion

Appellant challenges the summary judgment, raising what we construe as three appellate issues: (1) whether the statute of limitations had already expired when it filed its payment-bond claim; (2) if it had expired, whether Appellant was entitled to equitable tolling; and (3) whether the trial court's award of attorney's fees and costs was inequitable.

### A. Standard of Review: De Novo

We review the trial court's order granting summary judgment de novo. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021); *Hernandez v. Truck Ins. Exch.*, 553 S.W.3d 689, 694 (Tex. App.—Fort Worth 2018, pet. denied). "[D]efendant[s] seeking traditional summary judgment on a limitations defense must establish (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the

4

applicable number of years thereafter—i.e., that the statute of limitations has run." *Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622, 626 (Tex. 2023) (internal quotation marks omitted) (quoting *Draughon*, 631 S.W.3d at 89). The defendants' burden includes negating equitable doctrines that the plaintiff has raised if the doctrines affect which days count toward the running of limitations, as equitable tolling does. *Id.*; *Draughon*, 631 S.W.3d at 88. If the defendants carry their burden to prove their limitations defense as a matter of law, then the plaintiff must raise a fact issue in avoidance of limitations to escape summary judgment. *Levinson Alcoser Assocs.*, 670 S.W.3d at 626.

## B.  Statute of Limitations:  Unambiguous and Expired

Chapter 2253 of the Government Code establishes the statute of limitations for payment-bond claims like Appellant's:  "A suit on a payment bond may not be brought by a payment[-]bond beneficiary after the first anniversary of the date notice for a claim is mailed under this chapter."  Tex. Gov't Code Ann. § 2253.078(b). Appellant argues that this limitations period had not expired when it filed its lawsuit because its May 18 letter—not its April 15 letter—was the "notice for a claim" from which the one-year limitations period ran.[1]  *See id.*

---

[1]Hartford and Imperial allege that Appellant failed to preserve its argument that the statute is ambiguous.  But because Appellant's summary judgment response asserted that the one-year limitations period should run from the May 18 letter, and in an effort to reach the merits of the appeal, we assume without deciding that the argument was adequately preserved. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (cautioning that "[r]ules of error preservation should not

5

What constitutes "notice for a claim" is an issue of statutory construction that—like summary judgments generally—we review de novo. *See Sunstate Equip. Co. v. Hegar*, 601 S.W.3d 685, 689 (Tex. 2020); *Hernandez*, 553 S.W.3d at 694. Our goal in interpreting a statute is to give effect to the legislature's intent, and the plain language of the statutory text is the "first and foremost" indication of that intent. *Broadway Nat'l Bank, Tr. of Mary Frances Evers Tr. v. Yates Energy Corp.*, 631 S.W.3d 16, 23–24 (Tex. 2021); *Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015). We presume that the legislature chose the statutory language purposefully, we rely on the plain meaning of the text unless another meaning is statutorily supplied or apparent from the context, and we construe the statute as a whole rather than reading individual provisions in isolation. *Broadway Nat'l Bank*, 631 S.W.3d at 23–24; *Hernandez*, 553 S.W.3d at 694; *see* Tex. Gov't Code Ann. § 311.021(2).

The limitations statute relevant here measures the deadline for a payment-bond lawsuit from "the date notice for a claim is mailed under this chapter." Tex. Gov't Code Ann. § 2253.078(b). In nearby provisions of "this chapter," i.e., Chapter 2253, the legislature delineated requirements for mailing notices of payment-bond claims.

---

be applied so strictly as to unduly restrain appellate courts from reaching the merits of a case," and concluding that appellant "was not required on appeal or at trial to rely on precisely the same case law or statutory subpart that we now find persuasive"); *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) (clarifying that appellate courts "do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the [c]ourt").

*See id.* §§ 2253.041–.048 (providing notice requirements in dedicated subchapter appropriately entitled, "Notice Requirements"). One of these statutory notice requirements directs a "payment[-]bond beneficiary [to] mail to the prime contractor and the surety written notice of the claim." *Id.* § 2253.041(a). The notice must be "sent by certified or registered mail"; must include specific information such as "the amount of any [relevant] retainage"; and must be accompanied by "a sworn statement of account" that includes certain statements, such as that "the amount claimed is just and correct." *Id.* §§ 2253.041, .048(a).

Appellant's April 15 letter met all of these requirements.[2] Moreover, the April 15 letter referenced the statutory notice requirement, stating, "The following Sworn Statement of Account is provided as required by Chapter 2253 of the Texas Government Code." And Appellant's subsequent May 18 letter reiterated as much by asserting Appellant's position that it "ha[d] complied with the requirements of the Texas Government Code Chapter 2253 in making its claims dated April 15, 2022, including giving timely notice to the Principal and Surety."[3] [Italics removed.]

---

[2]Indeed, Appellant acknowledges that this statutory notice requirement applied to its payment-bond claim and that its April 15 letter—which, among other things, was mailed to the contractor (Imperial) and the surety (Hartford) via certified mail, specified the amount of retainage, and was accompanied by a sworn statement of account that stated that the claim amount was "just and correct"—was intended to comply with this requirement.

[3]The May 18 letter did not attempt to re-comply with Chapter 2253's notice requirements. Although it attached a copy of the April 15 letter and sworn statement of account, the May 18 letter was not accompanied by a sworn statement of account

7

It was only later, in defending the summary judgment motion, that Appellant took the position that the statutory notice that it had sent to comply with Chapter 2253 was not necessarily the "notice for a claim" that triggered the statute of limitations. In the trial court, and now on appeal, Appellant observes that the phrase "notice for a claim" is not defined and contends that the limitations statute "is vague, and at worst, silent" as to what qualifies as "notice for a claim." Based on this supposed ambiguity, and because Appellant alleges that the parties—it, "Hartford[,] and Imperial[—]did not view [the] April Notice Letter as a notice of claim," Appellant argues that the April 15 letter should not be treated as "notice for a claim" for limitations purposes.

But even assuming that all of the parties misunderstood the meaning of the phrase "notice for a claim"—an assumption that, as we shall see, the record belies—that does not change the meaning of the statute. *See In re CAR Fin. Servs., Inc.*, No. 02-20-00157-CV, 2020 WL 4213839, at *3 (Tex. App.—Fort Worth July 23, 2020, orig. proceeding) (mem. op.) (cautioning that "questions of law are not subject to stipulation"); *Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 688 (Tex. App.—Dallas 2011, pet. denied) (clarifying that "when a cause of action accrues is a question of law, not fact" and that "[s]tipulations as to legal conclusions, as opposed to facts, are not binding on courts or parties"); *see also Am. Title Co. v. Smith*, 445

of its own, and there is no indication that the May 18 letter was actually mailed to Imperial.

S.W.2d 807, 809 (Tex. App.—Houston [1st Dist.] 1969, no writ) (noting that "[t]he parties to an action may not control the power of the trial court to apply the applicable rules of law to the facts in rendering [its] judgment by stipulations or admissions concerning the rules of law deemed to be applicable"). And the meaning of the limitations statute is plain.

Although Appellant is correct that the phrase "notice for a claim" is not statutorily defined, it cannot be detached from its surrounding sentence or read in isolation. *See* Tex. Gov't Code Ann. § 2253.078(b); *Broadway Nat'l Bank*, 631 S.W.3d at 23–24 ("We do not consider statutory provisions in isolation but rather seek their meaning from the statute as a whole."). The phrase "notice for a claim" is followed—immediately and in the same sentence—by a description that identifies which "notice" is being referenced: the one "mailed under this chapter," i.e., Chapter 2253. Tex. Gov't Code Ann. § 2253.078(b); *see EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 758 (Tex. 2020) (noting that, "[w]hen terms are undefined, we will use the plain and ordinary meaning of the term and interpret it within the context of the statute"). Reading the plain language of the limitations statute together with the Chapter 2253 "[n]otice [r]equirements," then, the reference to a "notice for a claim . . . mailed under this chapter" is an unambiguous reference to the notice and sworn statement of account required just sections away in "this chapter." Tex. Gov't Code Ann. §§ 2253.041, .078(b).

9

The record conclusively demonstrates that Appellant's statutory "notice for a claim [wa]s mailed under [Chapter 2253]" on April 15, 2022. *Id.* § 2253.078(b). Limitations thus expired "after the first anniversary" of this date, *id.*, and because the first anniversary fell on a Saturday, the deadline rolled over to the following Monday, April 17, 2023. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.072. Appellant filed its lawsuit on April 18, 2023, one day after the statute of limitations had expired. Its payment-bond suit was thus time-barred, and the trial court did not err by granting summary judgment on that basis.

We overrule Appellant's issue 1.

## C.   Equitable Tolling:  Conclusively Negated

But Appellant argues that even if the statute of limitations had expired, Hartford's response to the April 15 letter created confusion regarding the limitations deadline, justifying equitable tolling.[4]

While equitable tolling is invoked "sparingly" and is available in very "few contexts," *Levinson Alcoser Assocs.*, 670 S.W.3d at 628–29, Appellant claims that it is

---

[4]Appellant did not plead equitable tolling in its petition, but it referenced the doctrine in correspondence with Hartford and Imperial regarding the statute of limitations, so Hartford and Imperial addressed equitable tolling in their motion for summary judgment. Appellant then asserted the equitable tolling doctrine in its summary judgment response. *Cf. Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 20 S.W.3d 692, 699 (Tex. 2000) (holding nonmovant preserved affirmative defense for appeal by raising it in summary judgment response).

warranted here[5] because Hartford and Imperial "creat[ed] confusion over what letter should be considered a notice for claim under [S]ection 2253.078(b) and when the limitations period . . . [had begun to] r[u]n." To support its position, Appellant alludes to federal case law that recognizes equitable tolling "when strict application of the statute of limitations would be inequitable" because "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930–31 (5th Cir. 2000).[6]

---

[5]Equitable tolling "is unavailable if it is 'inconsistent with the text of [a] relevant statute.'" *Levinson Alcoser Assocs.*, 670 S.W.3d at 627 (quoting *Young v. United States*, 535 U.S. 43, 49, 122 S. Ct. 1036, 1040 (2002)). Because Hartford and Imperial did not raise the potential inconsistency between equitable tolling and Chapter 2253 to support their motion for summary judgment, "we leave that question open and turn to the equitable-tolling issue on which the parties focused." *Id.* at 628 (stating similarly when "the potential inconsistency between tolling and the statute's text was not advanced as a ground for summary judgment").

[6]Appellant also cites a case from one of our sister courts of appeals—*Ogbolu v. Colgate-Palmolive Co.*—but in that case, the court of appeals merely quoted the portion of *Patterson* on which the appellant had relied and held that it did not support equitable tolling. No. 05-06-01480-CV, 2008 WL 171228, at *2 (Tex. App.—Dallas Jan. 22, 2008, no pet.) (mem. op.).

Nonetheless, there is some Texas case law from our sister courts recognizing a similar form of equitable tolling. *See Williams v. Cox Newspapers, Inc.*, No. 06-09-00041-CV, 2009 WL 2340672, at *3 (Tex. App.—Texarkana July 31, 2009, no pet.) (mem. op.) (recognizing that equitable tolling may apply "where a complainant was induced or tricked by his or her adversary's misconduct into allowing filing deadlines to pass"); *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App.—Eastland 2003, no pet.) (per curiam) (similar); *see also Martin v. Stone*, No. 02-22-00346-CV, 2023 WL 5282408, at *5 (Tex. App.—Fort Worth Aug. 17, 2023, pet. filed) (am. mem. op.) (quoting *Williams*

11

Assuming without deciding that this argument was adequately preserved,[7] and putting aside the nonbinding nature of the federal case law that Appellant relies upon, there is still no evidence that Appellant was actively misled about the limitations deadline. Rather, the summary judgment record conclusively establishes the opposite.

Appellant accuses Hartford of denying that the April 15 letter qualified as a Chapter 2253 notice, but Hartford's response to the letter expressly referred to it as a "statutory notification":

> We have interpreted your correspondence to be a preliminary notice intended to comply with preliminary notice provisions of applicable statutes and/or the bond[,] and we do not consider your correspondence to be a claim against the above-referenced bond. If our interpretation is incorrect and it is your intent to pursue this matter beyond the statutory notification point, please advise in writing immediately.

While Hartford's response distinguished between a "statutory notification" and "a claim," the statute of limitations ran from the "notice for a claim [being] mailed," Tex. Gov't Code Ann. § 2253.078(b), so it is unclear how the distinction between a

---

among list of examples of equitable tolling and holding that none applied to appellant's case).

[7]In Appellant's summary judgment response, it relied on the equitable factors discussed in *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.), without mentioning the federal tolling rule it cites on appeal. But Appellant did argue below that it had "relied on Hartford's assertion that [the] April Letter was not a bond claim notice . . . when deciding when it had a deadline to file the Payment[-] Bond Suit." For purposes of our analysis, and in an effort to reach the merits of the appeal, we assume without deciding that Appellant adequately preserved its appellate argument. *See Adams*, 547 S.W.3d at 896; *Greene*, 446 S.W.3d at 764 n.4.

"notification" and a "claim" would have muddied—much less actively misled Appellant regarding—the statute of limitations.

Plus, even if Hartford had denied that the April 15 letter qualified as a Chapter 2253 notice, Appellant was not misled. Being misled implies deception, i.e., that Appellant believed that the April 15 letter was not a statutory notice. *See Mislead*, Webster's Third New International Dictionary 1444 (reprt. 2021) (1961) (defining "mislead" as, among other things, "to lead in a wrong direction or into a mistaken action or belief[; to] deceive"). But the evidence shows that Appellant did not believe this; in fact, it argued to the contrary, repeatedly asserting its position that the April 15 letter was intended to and did comply with the statutory notice requirement of Chapter 2253.

Either way, the April 15 letter's qualification as a Chapter 2253 notice was a question of law, and Hartford's characterization of the letter could not have changed this legal reality. Nor could Hartford's characterization of the April 15 letter have changed the plain language of the limitations statute.

The summary judgment evidence thus conclusively undermines Appellant's contention that it was tricked by Hartford into allowing the limitations deadline to pass. Even the rule recognized in Appellant's nonbinding federal case law does not warrant equitable tolling in this case. *See Patterson*, 211 F.3d at 930.

We overrule Appellant's issue 2.

**D.    Fees and Costs:  Already Resolved and Inadequately Briefed**

Appellant's final appellate issue challenges the trial court's award of attorney's fees and costs.  *See* Tex. Gov't Code Ann. § 2253.074.  In doing so, it relies on the same arguments that it advanced to challenge the merits of the summary judgment—namely, that (1) Appellant's claims were not time-barred and (2) Hartford and Imperial "creat[ed] confusion over what letter should be considered a notice for a claim."  We have already rejected these arguments.

But even if we had not, we would still reject Appellant's challenge to the award of attorney's fees and costs because Appellant failed to adequately brief the issue.  *See* Tex. R. App. P. 38.1.  Its analysis of attorney's fees and costs consists of three sentences with no record references and no citations to relevant case law.  *Cf.* Tex. R. App. P. 38.1(i) (requiring appellant's brief to provide an argument "with appropriate citations to authorities and to the record"); *Grooms v. Bank of N.Y. Mellon Tr. Co., N.A. ex rel. Mortg. Assets Mgmt. Series I Tr.*, No. 02-22-00396-CV, 2023 WL 4780584, at *8 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op.) (holding challenge to no-evidence summary judgment was inadequately briefed when appellant "addresses[ed] it in a total of three sentences with no citations to authority and no substantive legal analysis"); *Mount Calvary Missionary Baptist Church v. Morse St. Baptist Church*, No. 2-04-147-CV, 2005 WL 1654752, at *6 (Tex. App.—Fort Worth July 14, 2005, no pet.) (mem. op. on reh'g) (holding issues inadequately briefed when "each [was] 'briefed'

14

with three sentences that contain[ed] no citations to the record, no citations to case law, and a single reference to the [relevant statutory] code provision").

We therefore overrule Appellant's third and final issue.

### III.  Conclusion

The limitations statute—Government Code Section 2253.078(b)—is unambiguous, and there is no evidence that Hartford or Imperial pulled the wool over Appellant's eyes so as to justify equitable tolling.  Appellant's payment-bond claim is time-barred as a matter of law, and it has not adequately briefed its challenge to the award of attorney's fees and costs.

We affirm the trial court's summary judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  January 18, 2024